IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BAHA ZAWAIDEH,

        Plaintiff,                    No. CIV 10-0695 LKK EFB PS

        vs.

KEN MORRIS,
Federal Government/Agent,

        Defendant.               ORDER
_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff, a federal prisoner, requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs or give security thereof.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff alleges that he "worked construction with the company Raymond Interior and federal government agent Ken Morris was an undercover foreman." Dckt. No. 1, Compl. Plaintiff contends that Morris "contacted (exploited and harassed) [plaintiff] in Aug 2009 and Dec 2009 at Solano Community College causing [plaintiff] to drop college." *Id.* Plaintiff further alleges: "I have a device inserted into my central nervous system that controls my body functions by the federal government." *Id.*

It is unclear from the complaint what claim(s) plaintiff alleges against defendant. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a remedy for violation of civil rights by federal actors. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). The elements of a private cause of action under *Bivens* and its progeny, are: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged deprivation was committed by a federal actor. *Id.* Here, although plaintiff argues that he was contacted (exploited and harassed) by defendant, plaintiff does not set forth facts establishing a violation of any federal constitutional or statutory right.

Additionally, although plaintiff alleges that he has a device inserted into his central nervous system that controls his body functions by the federal government, he does not identify the person or persons responsible for that. A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Nor is there vicarious liability in a *Bivens* action. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1947 (2009). Plaintiff has not made any such allegations.

Further, to the extent plaintiff intends to allege a claim under the Federal Tort Claims Act ("FTCA"), plaintiff's complaint is similarly insufficient to invoke this court's jurisdiction or to state a claim. As a jurisdictional prerequisite for suits against the United States, the FTCA requires the claimant to first file an administrative claim with the appropriate agency. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for

money damages for injury or loss of property . . . unless claimant shall have first presented their claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency."); *see also McNeil v. United States*, 508 U.S. 106, 107 (1993) (the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 778 (9th Cir. 1984) (en banc) (section 2675(a) requires a claimant to file "a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and . . . a sum certain damages claim."). Here, plaintiff does not allege that he exhausted his administrative remedies; as such, plaintiff cannot proceed under the FTCA, and until plaintiff provides proof of exhaustion of his administrative remedies with the appropriate federal agency, this court has no jurisdiction to hear his claim under that Act.

Therefore, plaintiff's complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint that corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*

1   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2   Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
3   Procedure, this court's Local Rules, or any court order may result in a recommendation that this
4   action be dismissed. *See* Local Rule 110.

5   Accordingly, IT IS ORDERED that:

6   1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted;

7   2.  Plaintiff's complaint is dismissed with leave to amend; and,

8   3.  Plaintiff is granted thirty days from the date of service of this order to file an amended
9   complaint. The amended complaint must bear the docket number assigned to this case and must
10  be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended
11  complaint. Failure to timely file an amended complaint in accordance with this order will result
12  in a recommendation this action be dismissed.

13  DATED: June 24, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5